IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTEL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2255 |
| | § | |
| INTEL-LOGISTICS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Intel Corporation filed this trademark infringement suit against defendant Intel-Logistics in July 2005. In March 2006, Intel-Logistics filed counterclaims for tortious interference with existing and prospective contractual relations and business disparagement. The tortious interference counterclaims allege that "[t]his lawsuit is now filed as part of Defendant's credit," which has "affected the company's ability to attract a very lucrative contract" and has led to defendant's bank putting "a hold on the expansion of his credit line." (Docket Entry No. 31, ¶¶ 78, 80). The business disparagement counterclaim alleges that because Intel issued a subpoena in the lawsuit to clients of Intel-Logistics, the lawsuit "has slowed down the economic growth of the business." (*Id.*, ¶ 79). Intel has moved to dismiss the counterclaims on the grounds that they are barred by the Texas litigation privilege and that they fail to allege necessary elements for relief. (Docket Entry No. 36). Intel-Logistics has responded, (Docket Entry No. 40), and Intel has replied (Docket Entry No. 41).

The counterclaims assert causes of action under Texas law. The elements of tortious

interference with contracts are that the plaintiff had a contract or a reasonable probability of a contract with a third party; the defendant willfully and intentionally interfered in the existing contract or to prevent the relationship from occurring with the purpose of harming the plaintiff; the plaintiff suffered actual damage; and the defendant's act was a proximate cause of the damage. *Flourine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004). The plaintiff must show that the defendant's conduct was either independently tortious or unlawful, that is, the conduct would violate some other recognized tort duty. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001). The third counterclaim alleges that serving subpoenas on several of Intel-Logistics's customers amounted to business disparagement. Under Texas law, business disparagement requires publication by the defendant of disparaging words, that are false, maliciously stated, not privileged, and result in special damages. *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 694–95 (5th Cir. 2001).

Texas law recognizes a privilege for "[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding." *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942) (citations omitted). "This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James v. Brown*, 637 S.W.2d 914, 917–18 (Tex. 1982). Texas law allows absolute privilege or immunity for a communication that is related to the litigation. *Reagan*, 166 S.W.2d at 913. The rule is one

of public policy "founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual." *Id*.

The allegations in the three counterclaims and the statements made in Intel-Logistics's response to the motion to dismiss make it clear that Intel's allegedly tortious acts were filing the complaint and issuing subpoenas to third-parties in discovery. The statements in the complaint and subpoenas are covered by the litigation privilege under Texas law and cannot form the basis of a claim for tortious interference or business disparagement. *Jenevein v. Friedman*, 114 S.W.3d 743 (Tex. App. – Dallas 2003, no pet.).

Intel also – and relatedly – argues that Intel-Logistics has failed to allege necessary elements of its counterclaims. The Texas Supreme Court has held that liability for tortious interference with present or prospective contractual relations requires conduct that would be independently tortious. *Sturges*, 52 S.W.3d at 713. Intel-Logistics has pleaded that Intel committed tortious interference by filing the lawsuit alleging trademark infringement under the Lanham Act. As a matter of law, asserting a statutory claim against Intel-Logistics for trademark infringement cannot amount to an independently tortious or unlawful act that violates a recognized tort duty owed to Intel-Logistics. To the contrary, Texas law recognizes a defense of justification when the allegedly interfering party acts in a "bona fide exercise of a legal right." *George v. Nat'l Ass'n of Letter Carriers*, 185 F.3d 380, 392 (5th Cir. 1999).

With respect to the business disparagement counterclaim, Intel-Logistics does not

allege that Intel made a false statement in the subpoenas it served during discovery. Instead, Intel-Logistics alleges that merely serving the subpoenas amounted to business disparagement. Such an allegation, as a matter of law, fails to state a claim as to which relief can be granted.

"The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Intel-Logistics's counterclaim allegations and the arguments presented in its response to the motion to dismiss demonstrate no reasonable likelihood that the pleading deficiencies can be cured by amendment. The motion to dismiss the counterclaims is granted, without leave to amend.

SIGNED on May 30, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge